United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41006
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMAS BETANCOURT-OCHOA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-180-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tomas Betancourt-Ochoa (Betancourt) pleaded guilty to

unlawful presence in the United States following deportation

after having been convicted of an aggravated felony, in violation

of 8 U.S.C. § 1326(a) and (b). The district court sentenced him

to 37 months of imprisonment, to be followed by three years of

supervised release.

Betancourt challenges the constitutionality of § 1326(b)'s

treatment of prior felony and aggravated felony convictions as

sentencing factors rather than elements of the offense that must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be found by a jury.  We decline ruling on the applicability of the waiver provisions in Betancourt's plea agreement because his constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Betancourt contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Betancourt properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

     AFFIRMED.